J. B. HENDRICKS *v.* A. J. BOBO et als., securities of BARHAM.

The parish Treasurer is the depository of the School Fund due to his parish; he may demand payment from the collector, and on his defaulit sue him to recover it.

APPEAL from the District Court of the parish of Morehouse, *Richardson, J. Newton & Hall,* for plaintiff and appellant. *McGuire & Ray,* for defendant.

SPOFFORD, J. All that the defendants could require would be protection against a future demand for the same cause of action. If there is a plaintiff who is authorized to receive the money alleged to be due to the school fund by *Barham,* and whose receipt would screen the sureties of *Barham* from any pursuit hereafter, they have no reason to complain.

Before any decision was had upon the exceptions, *Robert B. Briscoe,* as Parish Treasurer, made himself a party plaintiff to the suit, without any objection on the part of the defendants. They do not pretend that he was not Parish Treasurer *de facto* and *de jure,* or that he had not given bond as required by law.

The Parish Treasurer is the depository of the school fund apportioned and collected for the use of his parish. Revised Statutes, p. 190, sec. 5. The sums due to each of the parishes in this State from the annual collection of the school tax, shall be paid quarterly to the Treasurer thereof, by the State Tax Collector, &c. Revised Statutes, p. 191, sec. 6. If the Tax Collector is bound to pay over the money to the Parish Treasurer, it would seem to follow that the Parish Treasurer may demand payment of the Collector, and, upon this default, sue for the money thus due to the school fund of his parish.

We are, therefore, of opinion that there was no error in overruling the exceptions, which were ordered to stand as part of the answer.

A plea of prescription has been filed in this court, which is wholly untenable. Even if the prescription of two years could run against such a claim as this, it has been interrupted.

There was error in awarding damages at the rate of twenty per cent. per annum, from the 21st of August, 1853. These damages run only from the 3d of October, 1854, and are claimed from that date only in the petition.

It is, therefore, ordered, that the judgment of the District Court be so amended as to award damages at the rate of twenty per cent. upon the principal sum recovered, only from the 3d of October, 1854, instead of the 21st of August, 1853. And it is further ordered, that in all other respects, the judgment appealed from be affirmed; the cost of this appeal to be borne by the plaintiff and appellee.